**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PAMELA M.,<br><br>Plaintiff(s)<br><br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security<br>Administration,<br><br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-CV-1555 SRW |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of an adverse ruling by the Social Security Administration. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff filed a Brief in support of the Complaint. ECF No. 15. Defendant filed a Brief in Support of the Answer. ECF No. 20. The Court has reviewed the parties' briefs and the entire administrative record, including the transcripts and medical evidence. Based on the following, the Court will reverse the Commissioner's decision.

## I. Factual and Procedural Background

On January 30, 2023, Plaintiff Pamela M. protectively filed an application for disability insurance benefits ("DIB ") under Title II, 42 U.S.C. §§ 401, *et seq*., with an alleged onset date of January 29, 2023. Tr. 95, 186-87. Plaintiff's application was denied upon initial consideration and reconsideration. Tr. 122-31. On February 7, 2024, she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 134-35.

Plaintiff appeared for an online video hearing, with the assistance of counsel, on June 10, 2024. Tr. 63-94. Plaintiff testified concerning her disability, daily activities, and functional limitations. *Id*. During the hearing, the ALJ received testimony from vocational expert Delores Gonzalez. Tr. 87-93. On August 13, 2024, the ALJ issued an unfavorable decision finding Plaintiff not disabled. Tr. 46-58. Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. Tr. 179-80. On August 22, 2025, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. Accordingly, the ALJ's decision stands as the Commissioner's final decision.

With regard to Plaintiff's testimony, medical records, and work history, the Court accepts the facts as presented in the parties' respective statements of facts and responses. The Court will discuss specific facts relevant to the parties' arguments as needed in the discussion below.

## II. Legal Standard

A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" § 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. § 416.920(a)(1). First, the Commissioner considers the

claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a severe impairment "which significantly limits claimant's physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *see also* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also* 20 C.F.R. § 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016).

Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for *providing* evidence relating to his RFC, and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work which exists in significant numbers in the national economy shifts to the Commissioner. *See Brock v. Astrue*, 574 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work which exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm the decision. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir.

2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id*. The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016).

## III. The ALJ's Decision

Applying the foregoing five-step analysis, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2027. Tr. 48. Plaintiff has not engaged in substantial gainful activity since January 29, 2023, the alleged onset date. *Id.* Plaintiff has the severe impairments of "internal derangements of the left knee, degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, fibromyalgia, and major depressive disorder." Tr. 49. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id.* The ALJ found Plaintiff had the following RFC through the date last insured:

> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except: The claimant can lift up to 10 pounds occasionally and lift/carry up to ten pounds frequently. She can stand and/or walk for about 2 hours and sit for up to 6 hours in an 8-hour workday, with normal breaks. She can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She must avoid frequent exposure to extreme cold and excessive vibration. She must avoid occasional exposure to operational control of moving machinery. She must avoid unprotected heights and exposure to hazardous machinery. Her work is limited to simple instruction. Her work must be in a low stress job defined as having only occasional changes in the work setting. She must have only occasional interaction with the public, co-workers, and supervisors.

Tr. 51.

The ALJ found Plaintiff is unable to perform any past relevant work as a bank teller (*Dictionary of Occupational Titles* ("*DOT*") No. 211.362-018, light work); customer service representative (*DOT* No. 205.362-026, light work); and day worker (*DOT* No. 301.687-014, medium work). Tr. 56. Plaintiff was born on April 5, 1977 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. *Id.* She has at least a high school education. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. *Id.*

Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform, including parimutuel ticket checker (*DOT* No. 219.587-010, sedentary, with 8,500 jobs in the national economy); office helper (*DOT* No. 239.567-010, sedentary, with 5,300 jobs in the national economy); and order caller (*DOT* No. 209.667-014, light, with 11,000 jobs in the national economy). Tr. 57. The ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, since January 29, 2023, through the date of the ALJ's decision. Tr. 58.

## IV. Discussion

Plaintiff presents two assignments of error: (1) the RFC is not supported by substantial evidence; and (2) the decision lacks a proper pain evaluation. ECF No. 15.

### A. RFC Assessment

#### 1. Physical RFC Assessment

As to Plaintiff's physical impairments, she argues that the ALJ "cannot rely on a non-examining physician's RFC when the agency RFC assessments, completed almost a year prior to

the hearing, were not based upon the full record." *Id.* at 3. Drs. Jane Murray, M.D. and Michael O'Day, D.O. were the state agent medical consultants who provided RFC assessments at initial consideration and reconsideration of Plaintiff's DIB claim. *See* 99-105, 110-16. In review of their opinions, the ALJ wrote:

> State agency medical consultants, Jane Murray, M.D., and Michael O'Day, D.O., provided prior administrative findings in October 2023 and January 2024, respectively, each stating that the claimant could lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk two hours, and sit for six hours. They opined that the claimant had postural limitations of never climbing ladders/ropes/scaffolds and only occasionally climbing ramps/stairs, balancing, stooping, kneeling, crouching, or crawling. She had environmental limitations of avoiding concentrated exposure to extreme cold and vibration and avoiding all exposure to hazards (Exhibits 2A and 4A). These findings were supported, providing a narrative explanation as well as significant references to the record. They documented the claimant's lumbar and cervical spine x-rays as well as her chronic pain and reports of medication side effects, and they linked these to functional limitations (Exhibits 2A/6-7; and 4A/6-7). Thus, their findings were supported as to the limitations on standing and walking as well as the postural and environmental limitations. However, while they supported their findings with significant explanation, they did not have the opportunity to examine the claimant. Further, their findings are inconsistent with some of the objective medical evidence which is more consistent with the lifting and carrying limits of a sedentary exertional level. A physical examination by a rheumatologist found the claimant somewhat uncomfortable while sitting, and she had slight difficulty arising from a seated position. She had greater than 11/18 positive fibromyalgia tender points (Exhibit 3F/13-17). A subsequent examination by a pain specialist noted significant tenderness in the lumbar paraspinals (Exhibit 11F/1-2). A physical therapy examination also noted difficulties with squatting, lumbar and hip range of motion, and strength and hip flexion (Exhibit 13F/49-50). Additionally, the chiropractor noted tenderness in areas of the shoulders, cervical spine, and lumbar spine (Exhibit 16F/1-4). Combined with the cervical and lumbar x[-] rays, the undersigned finds this evidence to be more consistent with the lifting and carrying limits of a sedentary exertional level, although the postural and environmental limitations are generally appropriate. The undersigned changed the postural and environmental slightly to describe him in better vocational terms. For these reasons, these prior administrative findings are only partially persuasive.

Tr. 55.

Plaintiff argues that the ALJ should not have relied on the opinions of the state agency physicians, whose opinions were dated nearly a year prior to the hearing date. The Court cannot

agree and finds that the ALJ conducted a proper assessment of these opinions. Drs. Murray and O'Day, as state agency physicians, are experts qualified to provide opinions on a claimant's functional limitations based on a review of the record. *See* 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1) (2017) (noting that state agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation). Nothing in the Social Security regulations requires a report to be within a certain time period for an ALJ to rely on it. *Chandler v. Comm'r of Social Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). Nor does legal authority require a consultant's medical opinion to be based on subsequently-created medical records for an ALJ to rely on it. *Barker v. Colvin*, 2015 WL 4928556, at *1 (W.D. Mo. Aug. 18, 2015) ("[T]he Court is not aware of any legal authority which holds a consultant's medical opinion must be based on subsequently created medical records, or that the consultant's opinion must necessarily be discounted because it is not based on those records."). Thus, the mere fact that Dr. O'Day and Dr. Murray authored their opinions approximately 5 and 8 months before the hearing, does not render it unworthy of probative value. *See, e.g., Bollinger o.b.o Bollinger v. Saul*, 2020 WL 4732042, at *3 (E.D. Mo. Aug. 14, 2020) (finding a 2-year-old opinion valid evidence since there was "no objective medical evidence in the record" showing "a marked change in condition" after the opinion); *Sullins v. Astrue*, 2011 WL 4055943, at *6 (E.D. Mo. Sept. 6, 2011) (finding an opinion covered "a relevant time period" though it was over one-year old).

Although there are medical records created after the State agency doctors made their opinions, Plaintiff points to no specific evidence in the record to show that Plaintiff's health suffered a "marked change in condition," which would have impacted their opinions regarding

her limitations. The Court, therefore, cannot consider their opinions stale. *See Bollinger*, 2020 WL 4732042 at *3. *See also Asbury v. Kijakazi*, 2022 WL 1288354, at *4 (E.D. Mo. Apr. 29, 2022) ("[E]ven if the passage of time between the date of the [doctor's] assessments and the date of the ALJ's decision was relevant to the analysis—which it is not—[Plaintiff] points to no new evidence in the intervening seventeen-month period that could arguably render the ALJ decision not supported by substantial evidence."). Additionally, the ALJ did not ignore treatment notes introduced after the State agents formed their opinions as he addressed the entirety of the medical record. *See Casey v. Astrue*, 503 F.3d 687, 8, 503 F.3d at 694 ("The ALJ did not err in considering the opinion of [the State agency medical consultant] along with the medical evidence as a whole.").

Plaintiff additionally takes issue with the ALJ's determination that the medical evidence was "more consistent with the lifting and carrying limits of a sedentary exertional level" rather than the less restrictive limitations suggested by Drs. Murray and O'Day. Even if the Court found this argument to have merit, the error would be harmless because the ALJ adopted more restrictive limitations than the limitations opined by the state agent consultants, causing the ALJ's deficiencies to be harmless error. The ALJ's addition of a sit and stand option with greater limitations in the Plaintiff's postural maneuvers, *see* Tr. 25, renders any error in the failure to elaborate on persuasiveness harmless. *See, e.g., Berdinka v. O'Malley*, 2024 WL 518919, at *5 (E.D. Mo. Feb. 9, 2024) ("The ALJ ultimately found that [Plaintiff] had greater exertional limitations than found by Dr. Lu—as well as non-exertional limitations—due to his combination of impairments that were not considered by Dr. Lu. As such, any errors in the ALJ's explanation of supportability and consistency with regard to Dr. Lu's opinion did not affect the outcome and were harmless."); *Laramie v. Kijakazi*, 2023 WL 2610215, at *5 (E.D. Mo. Mar. 23, 2023)

("[b]ecause the ALJ found that the record supported *greater* mental limitations than those found by the state agency psychological consultants, any error in the ALJ's failure to elaborate on her analysis of these prior administrative findings was harmless.").

Next, Plaintiff argues the ALJ committed reversible error by failing "to acknowledge or explain why he did not include the doctor's limitation to occasional push and pull with the upper and lower extremities in the RFC to the vocational expert." ECF No. 15 at 5. Drs. Murray and O'Day expressly indicated in their opinions that Plaintiff's ability to push and/or pull with her upper or lower extremities would be "[l]imited beyond lift and/or carry" to "occasional only." Tr. 100, 111. The ALJ's determination is completely silent as to the push and pull limitation opined by both of these physicians.

The Commissioner correctly asserts that an ALJ is free to accept some, but not all, of a medical opinion; however, the precedent of this Court is that an ALJ must explain why excluded limitations were not adopted in the RFC if the ALJ deemed the medical opinion persuasive or partially persuasive. *See, e.g.*, *Bradley v. Kijakazi*, 2022 WL 4482407, at *8 (E.D. Mo. Sept. 27, 2022) (remand is required when an ALJ finds an opinion "partially persuasive," but fails to reconcile that opinion with the assessed RFC or resolve which portions of his opinion were unpersuasive."); *Ferguson v. Saul*, 2021 WL 3215097, at *2 (W.D. Mo. July 29, 2021) (remand is required because, after finding the opinion "somewhat persuasive," the ALJ did not explain how he incorporated these limitations into the RFC or provide reasons for discounting the limitations in sitting and standing as required by SSR 96-8p.); *See* SSR 96-8p, 1996 WL 374184, at *7 (Soc. Sec. Admin. July 2, 1996) (if the RFC conflicts with a medical opinion, the ALJ is instructed to explain why.) *Masden v. Saul*, 2021 WL 3172934, at *2 (W.D. Mo. July 27, 2021)

(having found the doctor's opinions "persuasive," the ALJ did not explain why she did not include these limitations in the RFC).

While the ALJ might have reasonably found the push/pull limitations not persuasive, the exclusion coupled with no discussion is error. *See Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) (*quoting Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000)) ("While a 'deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding, where the deficiency [has] no practical effect on the outcome of the case,' inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis to remand."). A remand is necessary when the reason for rejecting a limitation in a physician's persuasive opinion because the Court is "unable to determine whether any such rejection is based on substantial evidence." *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995). It is not in this Court's purview to speculate why the ALJ did not include the limitation, only that the ALJ did not provide a basis for omitting the limitation. *Challenger v. O'Malley*, 2024 WL 4274854, at *4 (E.D. Mo. Sept. 24, 2024) (finding error and remanding where the ALJ found the physician's opinion persuasive but "did not articulate why he believed [p]laintiff was not entitled to the limitation"). For this reason, the Court finds that this case must be remanded for further consideration of the opinion evidence and the reasons for accepting or rejecting the occasional push/pull limitations therein.

As the decision is remanded, the Court will not reach Plaintiff's remaining assignment of error as to the ALJ's evaluation of Plaintiff's pain. *See, e.g.*, *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand."); *Berry v. Kijakazi*, 2021 WL 4459699, at *9

(E.D. Mo. Sept. 29, 2021) ("Because remand is required, the Court does not address all of Plaintiff's arguments.").

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under 42 U.S.C. 1383(c)(3) and Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

So Ordered this 17th day of September, 2026.

STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE